Citation Nr: 1719255 
Decision Date: 05/05/17 Archive Date: 06/06/17

DOCKET NO. 08-31 787 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey


THE ISSUES

1. Entitlement to a disability evaluation in excess of 70 percent for the Veteran's right eye chemical burn residuals for the period prior to August 26, 2010. 

2. Entitlement to an initial disability evaluation in excess of 60 percent for the Veteran's bilateral eye chemical burn residuals with chronic uveitis. 

3. Entitlement to a total rating for compensation purposes based on individual unemployability due to service-connected disabilities (TDIU). 


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Veteran and the Veteran's spouse
ATTORNEY FOR THE BOARD

Sara Kravitz, Associate Counsel


INTRODUCTION

The Veteran is the appellant in the instant appeal. He had active service from April 1967 to December 1969; from July 1991 to January 1992; and from February 2003 to June 2004, as well as periods of Reserve service. He served in both the Republic of Vietnam and Iraq. 

This matter came before the Board of Veterans' Appeals (Board) on appeal from an August 2006 rating decision of the Newark, New Jersey, Regional Office (RO) which, in pertinent part, determined that an August 2005 rating decision was clearly and unmistakably erroneous in assigning a 70 percent disability evaluation for the Veteran's right eye chemical burn residuals and proposed to reduce the evaluation for that disability from 70 to 30 percent. In September 2007, the RO, in pertinent part, effectuated the proposed reduction as of November 1, 2006. In January 2010, the Veteran was afforded a hearing before the undersigned Veterans Law Judge sitting at the RO. A hearing transcript was prepared and incorporated into the record. In April 2010, the RO increased the evaluation for the Veteran's posttraumatic stress disorder (PTSD) from 70 percent to 100 percent; effectuated the award as of October 20, 2008; and determined that the award rendered his claim of entitlement to a TDIU moot. In August 2010, the Board remanded the Veteran's appeal to the RO for additional action. 

In July 2011, the Appeals Management Center (AMC) restored a 70 percent evaluation for the Veteran's right eye chemical burn residuals for the period from November 1, 2006, to September 30, 2007 and indicated that entitlement to service connection for the right eye condition is stopped on August 26, 2010 in order to provide service connection for a bilateral eye disorder. The RO noted that since the decision did not provide entitlement to restoration of the prior 70 percent from the period from October 1, 2007 to the present, the issue remains on appeal. The RO established service connection for bilateral eye chemical burn residuals with chronic uveitis; assigned a 60 percent evaluation for that disability; and effectuated the award as of August 26, 2010.

In an August 2014 Board decision, the Board restored the Veteran's rating for his right eye condition to 70 percent for the applicable period from November 1, 2006 and then remanded the above claims for additional development.

This appeal was processed using the Virtual Benefits Management System (VBMS) paperless claims processing system. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

First, in August 2014, the Board remanded the above claims in order to afford the Veteran a new VA examination to determine the severity of his eye disability. The Veteran was subsequently afforded a VA examination in October 2015. The examination noted that visual field testing was performed and the Humphrey kinetic visual field testing was used. The examiner also noted that the Veteran had contraction of the visual field. The VA disability benefits questionnaire that the examiner used specifically instructed the examiner to include a Goldmann chart with the questionnaire if there was contraction of the visual field. The provisions of 38 C.F.R. § 4.77 state that the visual fields testing results must be recorded on a standard Goldmann chart and included with the examination report. Therefore, upon remand a Goldmann chart for the October 2015 examination should be provided, or if one is not available, a new VA examination should be conducted. 

The Board notes that the claim of entitlement to TDIU is inextricably intertwined with the Veteran's claim of entitlement to an increased rating claims. In other words, development of this claim may impact his TDIU claim. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) [two or more issues are inextricably intertwined if one claim could have significant impact on the other].

Accordingly, the case is REMANDED for the following actions:

1. Obtain any updated relevant VAMC treatment records.

2. Provide a Goldmann chart for the visual field testing for the Veteran's October 2015 examination. If one cannot be provided for those examination results, schedule the Veteran for an examination in order to determine the current level of severity of his service-connected bilateral chemical burn residuals with uveitis. The examiner should review the electronic records on VBMS and Virtual VA for review. 

If another examination is deemed necessary, any and all studies, tests and evaluations deemed necessary by the examiner should be performed, including completion of a standard Goldmann Chart.

3. Thereafter, readjudicate the Veteran's claims. If the benefits sought on appeal remain denied, the Veteran should be provided with a supplemental statement of the case and allowed an appropriate opportunity to respond. Thereafter, the case should be returned to the Board for further consideration, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K.J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).